```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DARRYN CLARK,

                        Plaintiff,                15 Civ. 8406 (PKC) (SN)

        -against-
                                                  ORDER ADOPTING REPORT AND
                                                         RECOMMENDATION
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-----------------------------------------------------------x
```

P. KEVIN CASTEL, District Judge:

        Plaintiff Darryn Clark brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), to challenge the final determination of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits.  Both parties have moved for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P.  On June 6, 2016 this case was referred to Magistrate Judge Sarah Netburn to hear and report.  On December 16, 2016, Judge Netburn issued a Report and Recommendation (the "R&R") pursuant to 28 U.S.C. § 636(b) and Rule 72(b), Fed. R. Civ. P., recommending that Clark's motion for judgment on the pleadings be granted, the Commissioner's motion be denied, and that the case be remanded to the Commissioner for further development of the record and proper analysis of Clark's credibility.  The Commissioner filed timely objections to the R&R.  For the reasons that follow, this Court adopts Judge Netburn's recommendation to remand for further development of the record, grants in part Clark's motion for judgment on the pleadings, and denies the Commissioner's motion for judgment on the pleadings.

BACKGROUND

Clark applied for disability benefits on October 3, 2012, alleging an onset date of September 29, 2012. (Administrative Record "AR" 11). The parties agree that his date of last insured is December 31, 2013. (AR 13). Clark asserts that he suffers from depression and post-traumatic stress disorder as well as periodic panic attacks, and claims that his symptoms have rendered him unable to work. Clark is treated primarily by a therapist, Jeanne Coupe, who he has seen weekly since 2009, and a psychiatrist, Dr. Jonathan Kane.

In October 2012, Dr. Kane and Ms. Coupe co-signed a letter stating that in their opinion, Clark was unable to work due to his major depression and that his psychiatric condition had responded poorly to multiple medication regimens. (AR 167). Dr. Kane restated these opinions in a letter dated May 1, 2014. (AR 297). Also on May 1, 2014, Ms. Coupe wrote that Clark's condition had not meaningfully improved in the time that she had been treating him. (AR 298). She explained that he struggled with "debilitating bouts of depression that greatly interfere with his day-to-day functioning" and had been "unable to maintain work . . . as a result of his depressive symptoms." (AR 298). Both Dr. Kane and Ms. Coupe opined that Clark was not able to work as a result of his depression and panic attacks. (AR 297-98).

Clark was also examined by Dr. Angela Fairweather, a consultative psychologist in January 2013. (AR 258). She concluded that Clark's psychiatric conditions caused moderate to significant impairment in his ability to function on a daily basis. (AR 260). She provided a guarded prognosis "given [Clark's] poor responsiveness to treatment." (AR 261).

The Social Security Administration ("SSA") denied Clark's application for disability benefits on February 25, 2013 and Clark requested a hearing before an administrative law judge ("ALJ") on March 15, 2013. (R&R 2; AR 57, 61). A hearing was held on April 14,

2014 before ALJ Mark Solomon where Clark appeared with his attorney. (R&R 2, AR 24). In his decision, the ALJ considered testimony from Clark as well as medical records from Dr. Kane, Ms. Coupe, and several other medical professionals who treated Clark during the relevant time period. (AR 15-18). The ALJ issued his decision on June 24, 2014 which denied Clark's application for disability benefits and found that Clark was not disabled within the meaning of the Act. (AR 20). Clark appealed the ALJ's decision but the Appeals Council denied his request for review on September 17, 2015 at which point the ALJ's decision was rendered final. (R&R 2).

In reviewing the ALJ's decision, Magistrate Judge Netburn concluded that the ALJ had ignored substantial evidence that supported the opinions of Clark's treating physicians, failed to adequately develop the record, and inappropriately assessed Clark's credibility. (R&R 1, 20). The Commissioner filed timely objections to each of these conclusions. (Dkt. 19).

DISCUSSION

    A.  <u>Standard of Review.</u>

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the event that a party files objections to the magistrate judge's recommendations, district courts conduct a *de novo* review of those matters to which a party filed an objection. <u>Id.</u> § 636(b)(1)(B), (C).

When reviewing a Social Security claim, this Court does not determine *de novo* whether the plaintiff is disabled and therefore entitled to disability benefits. See <u>Schaal v. Apfel</u>, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the reviewing court determines only "whether the Commissioner's conclusions 'are supported by substantial evidence in the record as a whole or

3

are based on an erroneous legal standard.'" Id. (quoting Beauvoir v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (explaining that a court will only overturn the ALJ's decision if it is "based upon legal error" or "not supported by substantial evidence") (internal quotation marks omitted).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). However, "[i]n conducting [its] review . . . [the Court] will not substitute [its] own judgment for that of the Commissioner, even if [it] 'might justifiably have reached a different result upon *de novo* review.'" Campbell v. Astrue, 465 F. App'x 4, 5 (2d Cir. 2012) (summary order) (quoting Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984)). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings 'must be given conclusive effect' so long as they are supported by substantial evidence." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (quoting Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982)).

The Social Security Act defines a "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is entitled to disability benefits, the ALJ must follow a five-step sequential analysis. See 20 C.F.R. § 404.1520(a)(1). In this circuit, the five step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the

4

> [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Rosa, 168 F.3d at 77 (quoting Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam)). At the fifth step, "[i]f the ALJ concludes that there is work in the national economy that the individual can perform, then the ALJ must determine that the individual is not disabled." Gabrielsen v. Colvin, No. 12 Civ. 5694 (KMK) (PED), 2015 WL 4597548, at *2 (S.D.N.Y. July 30, 2015) (citing 20 C.F.R. § 404.1520(a)(4)(v)). "Until the final step in this process, the burdens of production and persuasion remain solely with the claimant." Lopez v. Comm'r of Soc. Sec., 622 F. App'x 59, 60 (2d Cir. 2015) (summary order) (citing Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir. 1998)).

  B. Magistrate's Findings.

    a. Failure to Develop the Record.

As Judge Netburn indicates, due to the "non-adversarial nature" of Social Security proceedings, an ALJ has an affirmative obligation to develop the record "to reflect the claimant's medical history for at least a twelve-month period" in order to provide a fair and complete hearing. (R&R 19 (citing 42 U.S.C. § 423(d)(5)(B), 20 C.F.R. § 404.1512(d), and Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982))); see also Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 508-09 (2d Cir. 2009); Estrada v. Comm'r of Soc. Sec., No. 13 Civ.

5

04278 (CM) (SN), 2014 WL 3819080, at *3 (S.D.N.Y. June 25, 2014). This obligation applies even when a claimant is represented by counsel, Rosa, 168 F.3d at 79, and requires the ALJ to "make 'every reasonable effort' to obtain medical records from a claimant's physician." Estrella v. Comm'r of Soc. Sec., No. 12 Civ. 6134 (NSR)(JCM), 2016 WL 5920128, at *2 (S.D.N.Y. Oct. 7, 2016) (quoting 20 C.F.R. § 416.912(d)). In addition, many courts in this district have found that the duty to develop the record is "particularly important where an applicant alleges he is suffering from a mental illness." Hidalgo v. Colvin, No. 12 Civ. 9009 (LTS) (SN), 2014 WL 2884018 at *4 (S.D.N.Y. June 25, 2014); Gabrielsen, 2015 WL 4597548, at *4 (collecting cases).

The Commissioner objects to Judge Netburn's finding that the ALJ failed to fulfill his duty by neglecting to obtain records from Ms. Coupe. Specifically, Judge Netburn found that "[t]he record [did] not include any documentation from Ms. Coupe, a frequent and longstanding treating source, for the critical period from January 2013 (three months after [Clark's] alleged onset date) to December 2013, which comprises the bulk of Clark's disability period, despite [Clark's] testimony that he continued to see Ms. Coupe every week throughout 2013." (R&R 25). There was also no indication in the administrative record that the ALJ ever attempted to obtain additional records from Ms. Coupe.

The ALJ's failure to obtain records from Ms. Coupe for the majority of the disability period warrants remand. See, e.g., Rosa, 168 F.3d at 79–80 (remanding where ALJ failed to fully develop record by failing to obtain or attempting to obtain records). This is not a case "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history'" such that the ALJ would be under no obligation to develop the record further. Id. at 79 n.5 (quoting Perez v. Chater, 77 F.3d 41, 48 (2d Cir. 1996)).

It is clear from the administrative record that Ms. Coupe and Dr. Kane were the two mental health professionals with the most frequent and sustained contact with Clark.  (See AR 204-245, 270-298).  Therefore, a complete medical record would necessarily include treatment notes from Ms. Coupe.  The ALJ only had notes from Ms. Coupe covering the last few months of 2012, yet the record indicates that Ms. Coupe continued to see Clark for weekly therapy sessions for the entirety of the disability period.  (AR 34, 291, 294, 298).  The ALJ was therefore missing a critical source of information about Clark's mental health, the treatment he received, and the extent of his limitations.

In addition, because Clark is alleging a disability based on a psychiatric impairment, Ms. Coupe's treatment notes are particularly important to the evaluation of his functional capacity.  In reiterating the importance of a full record in the case of mental impairments, the SSA regulations note that because claimants "commonly have [their lives] structured in such a way as to minimize [their] stress and reduce [their] symptoms and signs" a claimant may be "much more impaired for work than [his] symptoms and signs would indicate" in a single examination.  Craig v. Comm'r of Soc. Sec., No. 15 Civ. 4057 (JLC), 2016 WL 6885216, at *13 (S.D.N.Y. Nov. 22, 2016) (quoting 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 12.00(E)); see also Gabrielsen, 2015 WL 4597548, at *4 (discussing a heightened duty to develop the record in cases of mental impairments because of the "difficulties unique to such cases").  While Dr. Kane's notes focus almost exclusively on Clark's medications, Ms. Coupe's treatment notes contain detailed descriptions of Clark's symptoms and their impact on his daily life.  (See, e.g., AR 206-07).  This information is critical to a full evaluation of Clark's functional capacity.  See SSR 06-03P, 2006 WL 2329939, at *3 (Aug. 9, 2006) (opinions from "licensed

clinical social workers . . . are important and should be evaluated on key issues such as impairment severity and functional effects").

Finally "if a physician's finding in a report is believed to be insufficiently explained, lacking in support, or inconsistent with the physician's other reports, the ALJ must seek clarification and additional information from the physician" before discrediting the opinion. Calzada v. Asture, 753 F. Supp. 2d 250, 269 (S.D.N.Y. 2010); see also Rosa, 168 F.3d at 79. Here, the ALJ ultimately accorded Dr. Kane's and Ms. Coupe's opinion less than controlling weight in part because her opinions were inconsistent with contemporaneous treatment records, yet the ALJ made this decision without the benefit of any contemporaneous records from Ms. Coupe for most of the disability period. (AR 18). Therefore, the Court adopts Judge Netburns conclusion that remand was warranted because the ALJ had failed to satisfy his "threshold duty to adequately develop the record before deciding the appropriate weight to afford to a treating physician's opinion." (R&R 25 (quoting Nusraty v. Colvin, No. 15 Civ. 2018 (MKB), 2016 WL 5477588, at *12 (E.D.N.Y. Sept. 29, 2016))).

Accordingly, the R&R's recommendation that the case be remanded to the SSA for further development of the record is adopted. Because the Court adopts Judge Netburn's recommendation to remand this case for further development of the record, the Court need not reach the other grounds on which Judge Netburn based her recommendation to remand and to which the Commissioner objected. However, as the weight accorded to the opinions of Dr. Kane and Ms. Coupe and the evaluation of Clark's credibility will necessarily be affected by a more fulsome record, on remand, the ALJ should reconsider these issues after taking steps to develop the record as directed.

CONCLUSION

Having reviewed the R&R de novo, the Court adopts Judge Netburn's recommendation to remand this case for further administrative proceedings consistent with this opinion pursuant to 42 U.S.C. § 405(g).  Clark's motion for judgment on the pleadings is GRANTED insofar as the matter is remanded for further development of the record and a decision on the record as further developed.  (Dkt. 15).  The Commissioner's motion for judgment on the pleadings is DENIED.  (Dkt. 9).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 27, 2017